# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEI Y. KIM,<br>    Plaintiff,<br>    v.<br>TRUCK INSURANCE EXCHANGE and PEERLESS INSURANCE COMPANY,<br>    Defendants. | CV 14-4270 RSWL (VBKx)<br>**ORDER re: DEFENDANT PEERLESS INSURANCE CO.'S MOTION FOR SUMMARY JUDGMENT** [29] |

Before the Court is Defendant Peerless Insurance Co.'s("Peerless" or "Defendant") Motion for Summary Judgment.  The Court, having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **GRANTS** Defendant's Motion for Summary Judgment.

///
///
///
///
///
///

1

# I. FACTUAL BACKGROUND[1]

Sei Y. Kim ("Sei Kim" or "Plaintiff") is a citizen of the Republic of Korea, with his primary residence in Anyang-si, Kyonggi-do, Reublic of Korea. First Amended Complaint ("FAC") ¶ 1[8]. Defendant Truck Insurance Exchange("Truck"), an insurance company, is a business incorporated in California, with its principal place of business located at 4680 Wilshire Boulevard, Los Angeles, CA 90010. FAC ¶ 2. Defendant Peerless Insurance Company ("Peerless") is incorporated in New Hampshire, with its principal place of business at 62 Maple Avenue, Keene, New Hampshire 03431. FAC ¶ 3. Truck and Peerless (collectively, "Defendants") are qualified insurers in the State of California. FAC ¶¶ 2-3.

Cyclone USA, Inc. ("Cyclone"), now called Tornado Air Management Systems, Inc., purchased an insurance policy from Truck, Policy No. 29-9412 30 43, "effective from May 5, 1999 to May 5, 2000, and from May 5, 2001 to May 5, 2002." FAC ¶¶ 5, 10. For terms and

---

[1] The Court is aware that under typical summary judgment proceedings, it is appropriate to make findings of fact in addition to conclusions of law. Here, however, the only dispositive issues are legal ones, because, as explained below, interpretation of insurance contracts are pure matters of law. Accordingly, the Court notes the following factual background as explained in Plaintiff's Complaint, though it does not present this background as official findings of fact. Undisputed factual contentions are noted as such within the Court's analysis.

1  conditions of the insurance policy, see Ex. B[1]; FAC
2  11.
3      Cyclone also purchased an insurance policy from
4  Peerless, Policy No. CBP9592516, "effective May 9, 2002
5  to May 9, 2003, and May 9, 2003 to May 9, 2004." FAC ¶
6  17.  For terms and conditions of the insurance policy,
7  see Ex. C[1]; FAC ¶ 18.
8      On February 11, 2003, Cyclone filed a Complaint in
9  the United States District Court for the Central
10 District of California, CV 03-0992 AJW, against Sei
11 Kim.  FAC ¶ 24.  Sei Kim filed an Answer and
12 Counterclaims alleging "(1) Trademark Infringement, (2)
13 Unfair Competition Under 15 U.S.C. § 1125, (3)
14 Declaratory Relief Under 28 U.S.C. § 2201, (4) Unfair
15 Competition Under California Business & Professions
16 Code § 17200, (5) Breach of Fiduciary Duty, (6)
17 Intentional Interference With Contract, and (7) Breach
18 of Contract."  FAC ¶ 25.  In his Answer and
19 Counterclaims to Cyclone's Third Amended Complaint, in
20 the underlying action, Sei Kim "alleged that Cyclone
21 impermissibly marked its un-patented Tornado III fuel
22 saving devices as patented in violation of 35 U.S.C. §
23 292."  FAC ¶ 27.
24     Peerless agreed to defend Cyclone and Jay Kim,
25 Cyclone's President, and retained the firm Ropers,
26 Majeski, Kohn & Bentley ("RMKB") as panel counsel.  FAC
27 ¶ 29.  Truck also agreed to defend Cyclone and Jay Kim
28 in the underlying action pursuant to the Truck Policy.

3

FAC ¶ 31.

On December 15, 2004, Truck filed a Complaint for Declaratory Relief in the Superior Court of California, County of Los Angeles, case number BC325973 . . . against Cyclone, Jay Kim, Sei [Kim], and Peerless. FAC ¶ 34. Truck asserted "that Truck had no obligation to Defend or indemnify Cyclone or Jay Kim . . . because the underlying claim was not even potentially covered under the Truck Policy." Id. After Truck's Motion for Summary Judgment was denied, Truck filed a Request for Dismissal in the Declaratory Judgment Action; as a result, the Clerk entered the dismissal on August 28, 2006. FAC ¶¶ 38-39. On October 24, 2006, Truck appealed the Declaratory Judgment Action; however, on November 15, 2006, Truck filed a Notice of Abandonment of Appeal. FAC ¶¶ 40-41.

On November 8, 2007, in the underlying action, the trial court "found Cyclone liable under 35 U.S.C. § 292(a) for falsely marking 82,500 un-patented Tornado III fuel saving devices as patented." FAC ¶ 46. The trial court found that Jay Kim, on behalf of Cyclone, "directed the manufacturer to label the Tornado III as patented, even though neither Jay Kim, nor Cyclone owned a patent for the Tornado III." Id.; see Memorandum of Decision, Ex. O [8]. The trial court ordered Cyclone to pay $500 in damages. FAC ¶ 47.

On January 2, 2008, Peerless sent a letter to Cyclone and Jay Kim denying coverages for the damages

4

1  awarded by the trial court.  FAC ¶ 48.
2       On March 31, 2010, the trial court entered a final
3  judgment in favor of Cyclone against Sei Kim in the
4  amount of $1,048,976 after offset.  FAC ¶ 50.  Sei Kim
5  appealed to the Ninth Circuit of Appeals for the sole
6  purpose of challenging the trial court's calculation of
7  damages for the False Patent Marking Claim.  FAC ¶ 51.
8  Peerless appointed panel counsel RMKB, and on behalf of
9  Cyclone, requested the Ninth Circuit to affirm the
10 trial court's findings.  FAC ¶ 52.  On September 16,
11 2011, while under appeal, President Obama signed the
12 America Invents Act, ("AIA") into law, which amended,
13 among others, 35 U.S.C. § 292.  FAC ¶ 53.  The new law
14 applied to all cases that were pending, such as the
15 appeal in the underlying case.  Id.  As a result, on
16 December 15, 2011, the Ninth Circuit vacated the trial
17 court's award and "remanded the matter to the Trial
18 Court for a calculation of Cyclone's liabilities under
19 the newly amended 35 U.S.C. § 292(b)."  FAC ¶ 54.
20      On December 29, 2011, Peerless notified Cyclone
21 that it was withdrawing its provided defense, and that
22 damages resulting from false patent marking were not
23 covered in Cyclone's insurance policy.  FAC ¶ 55.  On
24 March 7, 2012, the Trial Court granted Truck-provided
25 independent counsel['s] motion to withdraw as counsel
26 for Cyclone and Jay Kim.  FAC ¶ 59.  Likewise, on March
27 8, 2012, the trial court granted Peerless-provided
28 panel counsel RMKB's motion to withdraw as counsel for

Cyclone and Jay Kim. FAC ¶ 60.

On September 17, 2013, Sei Kim and Cyclone settled their dispute and filed a joint stipulation for final judgment to the court. FAC ¶ 64. On September 24, 2014, the trial court awarded Sei Kim $4,000,000 for his False Patent Marking Claim, which was offset by Cyclone's previous award of $1,048,976. FAC ¶ 65. As a result, the trial court "entered a final judgment in favor of Sei Kim, against Cyclone, in the amount of $2,951,024." Id.; see Final Judgment, Ex. U [8]. Furthermore, as a part of the settlement agreement, "Cyclone transferred and assigned to Sei Kim, all legal and beneficial rights, title, and interests to the Truck and Peerless Insurance Policies." FAC ¶ 66. As assignee, Sei Kim has asserted the claims he believes Cyclone has against Truck and Peerless, and has demanded that Peerless pay the final judgment. FAC ¶ 68. Peerless has refused to pay, as has Truck. FAC ¶ 68.

## II. DISCUSSION

1. Legal Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The evidence, and any

inferences based on underlying facts, must be viewed in a light most favorable to the opposing party. Diaz v. American Tel. & Tel., 752 F.2d 1356, 1358 n.1 (9th Cir. 1985).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id. at 324. Conclusory allegations unsupported by factual allegations, however, are insufficient to create a triable issue of fact so as to preclude summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (citing Marks v. Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978)). A non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the [opposing party] on the evidence presented." Anderson, 477 U.S. at 255. In ruling on a motion for summary judgment, the Court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. Id.

2. <u>Analysis</u>

   a. *Has Defendant Peerless's Duty to Defend Ceased as a Matter of Law?*

"Liability insurers owe a duty to defend their insureds for claims that potentially fall within the policy's coverage provisions." <u>Hameid v. Nat'l Fire Ins. of Hartford</u>, 31 Cal. 4th 16, 21 (2003). "The carrier must defend a suit which potentially seeks damages within the coverage of the policy." <u>Gray v. Zurich Ins. Co.</u> 65 Cal.2d 263, 275 (1966). However, in an action where a claim is not even potentially covered, the insurer owes no duty to defend. <u>Buss v. Superior Court</u>, 16 Cal.4th 35, 46 (1997). "[T]hat the precise causes of action pled by the third party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." <u>Scottsdale Ins. Co. v. MV Transp.</u>, 36 Cal.4th 643, 654 (2005).

The duty to defend, however is "not unlimited; it is measured by the nature and kinds of risks covered by the policy." <u>Waller v. Truck Ins. Exchange, Inc.</u>, 11 Cal.4th 1, 19 (1995). In an action concerning a duty to defend, "the insured must prove the existence of a potential for coverage, while the insurer must establish the absence of any such potential. In other words, the insured need only show that the underlying

8

claim may fall within policy coverage; the insurer must prove it cannot." Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 300 (1993).

Interpretation of an insurance policy is a question of law. AIU Ins. Co. v. Superior Court, 51 Cal.3d 807 (1990); Waller v. Truck Ins. Exchange, Inc., 11 Cal.4th 1, 18, 44 (1995). "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation." AIU, 51 Cal.3d at 821-822. The rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it. Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995), as modified on denial of reh'g (Oct. 26, 1995). The court should "interpret the language in context, with regard to its intended function in the policy." Bank of the West v. Superior Court, 2 Cal.4th 1254, 1265 (1992).

As an initial matter of clarification, Plaintiff repeatedly asserts that these are questions of "fact" subject to dispute such that summary judgment is unavailable. As explained above, the questions at issue are questions of law, not of fact. Thus, an insurer is entitled to summary judgment "that no potential for indemnity exists . . . if the evidence establishes as a matter of law that there is no coverage." Cnty. of San Diego v. Ace Prop. & Cas. Ins.

Co., 37 Cal. 4th 406, 414 (2005). While there do seem to be some disputes as to fact that would have an impact on other summary judgment issues, such as when certain claims may have come to light, this Motion can be settled without referring to those facts because they are not germane to the question of contract interpretation. As a matter of law, the Policy cannot be said to conform to Plaintiff's proposed interpretation.

### i. *Is False Patent Marking Covered Under the Enumerated Offenses?*

Peerless has a duty to defend a claim if it is included in the Policy at issue. Peerless claims that the claim in question, false patent marking, is, as a matter of law, not covered by the Policy. It is undisputed that the Policy does not cover false patent marking per se. Sei Kim claims that the Policy includes Disparagement, and that Cyclone's false patent marking referred to Sei Kim's patented device, which constitutes disparagement.

Sei Kim cites Hartford Casualty Ins. Co. v. Swift Distrib., Inc., 59 Cal.4th 277 (2014) in support of its argument that Cyclone's false patent marking constitutes Disparagement such that the Policy's coverage for advertising injury is activated. More specifically, Plaintiff cites the following language from the Hartford court: "[T]he related requirements of derogation and specific reference may be satisfied by

implication where the suit alleges that the insured's false or misleading statement necessarily refers to and derogates a competitor's product." Opp'n 6:17-25 (citing <u>Hartford</u>, 59 Cal.4th at 294). Yet, the <u>Hartford</u> court *explicitly* enumerated the factors must be present to constitute disparagement: a false or misleading statement "(1) must specifically refer to the plaintiff's product or business, and (2) must clearly derogate that product or business." 59 Cal.4th at 291. In further explaining this requirement, the court noted that the false or misleading statement must "have a degree of specificity that distinguishes direct criticism of a competitor's product or business from other statements extolling the virtues or superiority of the defendant's product or business." <u>Id.</u>

    The language at issue here is Cyclone's false marking of "Patented. Made in USA." This statement does not by express mention or clear implication refer to Sei Kim's product or clearly derogate that product. <u>See</u> <u>Hartford</u>, 59 Cal. 4th at 294. Sei Kim cites the trial court's finding that "Cyclone USA falsely marked its unpatented devices as patented in an effort to deceive the public either into thinking the Tornado III was more desirable than it actually was or at least was comparable or superior to the devices that Cyclone USA previously had been selling" in order to assert that the necessary showing for disparagement has been met. Opp'n at 6-8. This extrapolation is unreasonable and

unpersuasive, as the trial court clearly states Cyclone was motivated by its desire to enhance the stature of its product. Further, it is unclear why Cyclone's alleged *motivation* is sufficient to satisfy the elements of a derogation claim when its words clearly are not. Disparagement by confusion does not exist: "A false or misleading statement that causes consumer confusion, but does not expressly assert or clearly imply the inferiority of the underlying plaintiff's product, does not constitute disparagement." Id. at 297.

In addition to the fact that as a matter of law, there is no potential for disparagement here, multiple courts have held that personal and advertising injury coverage does not apply to distinct trademark or patent claims. As clearly explained in Maxconn Inc. v. Truck Ins. Exch., 74 Cal.App.4th 1267, 1276 (1999),

> The absence of any express reference to patent infringement in the policy would lead a reasonable layperson to the conclusion that patent infringement is not covered. We do not believe the drafters of the policy intended to expressly cover certain offenses such as slander, libel, invasion of privacy and copyright infringement, but chose to incorporate patent infringement by implication under some category, which

12

```
 1              on its face does not include the words
 2              patent infringement.
 3   See also Owens-Brockway Glass Container, Inc. v. Int'l
 4   Ins. Co., 884 F. Supp. 363, 367 (E.D. Cal. 1995) aff'd
 5   sub nom. Owens-Brockway Glass Containers v. Int'l Ins.
 6   Co., 94 F.3d 652 (9th Cir. 1996) ("Surely if coverage
 7   for patent infringement were anticipated there would be
 8   some mention of the term itself just as 'copyright' is
 9   explicitly listed."); Gencor Indus., Inc. v. Wausau
10   Underwriters Ins. Co., 857 F. Supp. 1560, 1564 (M.D.
11   Fla. 1994)("Basic common sense dictates that if these
12   policies covered any form of patent infringement, the
13   word 'patent' would appear in the quoted 'infringement'
14   clauses."). Ultimately, then, the Scottsdale test
15   cannot be satisfied with respect to Disparagement: the
16   Complaint cannot be fairly amended to state a claim for
17   Disparagement because as a matter of law, Cyclone's
18   false patent marking does not constitute disparagement.
19   See Scottsdale, 36 Cal.4th at 654.
20              ii.  *Is the False Patent Marking Subject
21                   to Coverage as an Advertising Injury?*
22       These principles apply with equal force to Sei
23   Kim's argument that the False Patent Marking claim is
24   covered under the Policy's coverage for "use of
25   another's advertising idea in [Cyclone's]
26   advertisement."  FAC Ex. C at 244.  While Plaintiff
27   claims that "advertising idea" is undefined, Defendant
28   notes that "advertisement" is not undefined in the
```

policy. The policy defines as advertisement as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." Peerless's Statement of Uncontroverted Facts ¶ 60. Plaintiff asserts that the "Patented. Made in USA" mark is tantamount to a logo. It then argues that a logo can constitute an advertising idea. Opp'n 8:28-9:1-4 (citing Street Surfing, LLC v. Great Am. E & S Ins. Co., 2014 U.S. App. LEXIS 21804 (9th Cir. 2014). Plaintiff, however, cites no authority equating a false patent marking with a logo, nor has the Court found any. It is unreasonable, then, to equate the mark to a logo, and by extension, to argue that by falsely marking its product as patented, Cyclone was using Sei Kim's "advertising idea" of *accurately* marking its product as patented. As a matter of law, the false patent marking claim cannot constitute disparagement or use of another's advertising idea. Accordingly, Defendant has no duty to defend on these grounds.

                b. *Waiver*

Waiver is "the intentional relinquishment of a known right after knowledge of the facts." Waller v. Truck Ins. Exchange, Inc. 11 Cal.4th 1, 31 (1995). The party claiming a waiver of a right must prove that claim by clear and convincing evidence; doubtful cases are resolved against a waiver. Id. "California courts

have applied the general rule that waiver requires the insurer to intentionally relinquish its right to deny coverage and that a denial of coverage on one ground does not, absent clear and convincing evidence to suggest otherwise, impliedly waive grounds not stated in the denial." Id.

Sei Kim argues that "Peerless has, at a minimum implicitly waived its right to deny coverage for Sei Kim's False Patent Marking Claim by failing to notify Cyclone that it was disclaiming coverage and reserving its rights to assert non-coverage of the False Patent Marking Claim prior to the beginning of trial in early 2006." Opp'n 21:22-25. In support of this argument, Sei Kim cites three cases it claims have resulted in courts finding a waiver "when the insurer has failed to specifically reserve its rights to deny coverage for a particular claim or as to a particular basis for non-coverage." Id. 21:16-18. Canadian Ins. Co. v. Rusty's Island Chip Co., 36 Cal. App. 4th 491 (1995), is distinguishable on its facts, and because it was pre-Waller, it does not apply the rule this Court must apply. Stonewall Ins. Co. v. City of Palos Verdes Estates, 46 Cal.App.4th 1810, 1836 (1996), is distinguishable on its facts. Specifically, the Stonewall court found that "the insurer's unconditional defense of an action brought against its insured constitutes a waiver of the terms of the policy and an estoppel of the insurer to assert such grounds. . . .

Here the record supports both an inference of waiver and an inference that the City detrimentally relied on Jefferson's nonassertion of a reservation of rights." Id. at 1839. In the instant case, Defendant Peerless has, multiple times, informed Cyclone that it would be reserving all of its rights, including those of coverage defenses. First Amended Complaint Exh. E. It also asserted that "[n]o activities undertaken by Peerless in the investigation or defense of this claim should be construed as a waiver of any of its rights." Id. Such clear language is, as a matter of law, sufficient to nullify any suggestion of waiver. See State Farm Fire & Cas. Co. v. Jioras, 24 Cal.App.4th 1619, 1627-28 (1994); California Union Ins. Co. v. Poppy Ridge Partners, 224 Cal.App.3d 897, 901–902 (1990). Finally, Citi Apts., Inc. v. Markel Ins. Co., 2007 WL 1689013, at *4-5 (N.D. Cal. June 11, 2007), involved a case in which the defendant argued that it did not reserve its rights under an independent counsel provision and that its failure to do so constituted a waiver of the right to seek reimbursement. The instant facts are sufficiently distinguishable as to render Citi unpersuasive in this context. Here, Peerless unquestionably reserved all of its rights; under Waller, there can be no implied waiver of its right to deny coverage for non-covered claims.

       c. *Estoppel*

 Sei Kim also asserts that Defendant Peerless should be equitably estopped from denying coverage because "when Peerless was tendered Sei Kim's defense, it never affirmatively disclaimed coverage for Sei Kim's False Patent Marking Claim." Opp'n at 23:1-2. A claim for equitable estoppel requires Sei Kim to prove (1) that Cyclone had a reasonable belief that Peerless would provide coverage for false patent marking, and (2) that Cyclone detrimentally relied on Peerless's conduct. See <u>Ringler Assoc. v. Maryland Cas. Co.</u> 80 Cal.App.4th 1165, 1190-1191. Questions of reasonable belief aside, there can be no material issue of fact about detrimental reliance. As Defendant correctly notes, there is no evidence that Cyclone detrimentally relied on Peerless's "erroneous basis for denying coverage and withdrawing its defense" by entering into the Stipulated Judgment and Assignment, Reply at 24:2-5, because that Agreement was signed well after Peerless expressly disavowed coverage for patent marking and after it withdrew its defense. Finally, it is unclear as to the logic behind Sei Kim's position, given that Cyclone had no assets and was essentially out of operation even before Peerless withdrew its defense. Thus, the Court finds that Peerless is not equitably estopped from denying coverage.

       d. *Bad Faith Claims*

 Plaintiff's bad faith claims are based on the

17

assumption that if an insurer's denials are legally incorrect or unreasonable, the insurer may be held liable.  See Ringler, 80 Cal.App.4th at 1192; Montrose, 6 Cal. 4th at 301-04; PPG Indus., Inc. v. Transamerica Ins. Co., 20 Cal.4th 310, 312 (1999).  "[I]f there is no potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing."  Waller, 11 Cal.4th at 36.  Similarly, if a plaintiff's claims are not covered, there is no claim for bad faith failure to settle.  Marie Y v. General Star Indem. Co., 220 Cal.App.4th 928, 958 (2003).  Accordingly, because the false patent marking claim and advertising claims have been found, as a matter of law, to be outside of the scope of the Policy, Plaintiff's bad faith claims fail as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Defendant Peerless's Motion for Summary Judgment is **GRANTED** in its entirety.

**IT IS SO ORDERED.**


DATED: June 25, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

18