UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEI Y. KIM,<br>          Plaintiff,<br>     v.<br>TRUCK INSURANCE EXCHANGE<br>and PEERLESS INSURANCE<br>COMPANY,<br>          Defendants. | CV 14-4270 RSWL (VBKx)<br><br>**ORDER re: DEFENDANT TRUCK INSURANCE EXCHANGE'S MOTION FOR ORDER REQUIRING PLAINTIFF SEI Y. KIM TO FILE AN UNDERTAKING** [63] |

Before the Court is Defendant Truck Insurance Exchange's ("Truck" or "Defendant Truck) Motion for Order Requiring Plaintiff Sei Kim to File an Undertaking [63]. The Court, having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

The Court **DENIES** Defendant's Motion.

### DISCUSSION

Defendant Truck brings this Motion asserting that because Plaintiff Sei Kim ("Plaintiff" or "Sei Kim") is an out-of-country plaintiff, a security for costs

1

1  should be required.
2      According to the Ninth Circuit,
3          There is no specific provision in the
4          Federal Rules of Civil Procedure
5          relating to security for costs. However,
6          the federal district courts have
7          inherent power to require plaintiffs to
8          post security for costs. "Typically
9          federal courts, either by rule or by
10         case-to-case determination, follow the
11         forum state's practice with regard to
12         security for costs, as they did prior to
13         the federal rules; this is especially
14         common when a non-resident party is
15         involved."
16 Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37
17 F.3d 573, 574 (9th Cir. 1994) (quoting 10 Wright,
18 Miller & Kane, Federal Practice and Procedure: Civil
19 2nd § 2671).
20     California Code of Civil Procedure § 1030 provides
21 that a defendant may file a motion for a plaintiff who
22 resides out of the state or who is a foreign
23 corporation to secure an award of costs and attorney's
24 fees which may be awarded in the action.  Cal. Code
25 Civ. Pro. § 1030(a).  The statute requires the
26 defendant to show that there is a "reasonable
27 possibility that the moving defendant will obtain
28 judgment in the action or special proceeding." Id. §

1030(b). The "reasonable possibility" standard is relatively low. GeoTag, Inc. v. Zoosk, Inc., No. C-13-0217 EMC, 2014 WL 793526, at *3 (N.D. Cal. Feb. 26, 2014). In determining whether to order the posting of a bond, courts consider "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." Simulnet, 37 F.3d at 573 (citations omitted). Finally, a defendant must provide the Court a basis for determining a reasonable bond amount to cover costs. GeoTag, 2014 WL at *4-5.

Here, it may well be that Defendant Truck can establish that it has a reasonable possibility of obtaining judgment. Truck has failed, however, to provide the Court a reasonable basis on which the Court can determine a reasonable bond amount to cover Truck's anticipated costs in this action. Truck asserts that a bond in the amount of $92,548.65 should issue, based on already-incurred costs of $24,198.65 and future costs of $68,350.00. Def.'s Mot., Decl. of Kathleen Carter ¶ 16-18. These costs include line-items that are not, under federal rules or local rules, taxable as costs, such as mediation and parking. Id. They also include substantial sums for line-items such as "reproduction

of documents" that may or may not be taxable as costs. Finally, they include substantial sums for broad line-items explained only as "depositions" ($25,000) and "expert depositions" ($15,000) that are insufficiently broken down to account for those costs which may be taxable (such as a $40.00/day attendance fee) and those which are not taxable. Id. The Court has no way of determining Defendant's actual taxable current costs, let alone the future costs that Defendant claims amount to substantially more.

Finally, other courts have held that a bond is unnecessary where a defendant does not demonstrate that there is a risk it will be unable to recover costs from the plaintiff if it prevails. See Wilson & Haubert, PLLC v. Yahoo! Inc., No. C-13-5879 EMC, 2014 WL 1351210, at *4 (N.D. Cal. Apr. 4, 2014); Susilo v. Wells Fargo Bank, N.A., No. CV 11-1814 CAS (PJWx), 2012 WL 5896577, at *2 (C.D.Cal. Nov. 19, 2012) ("Without any particularized showing that there is a real risk of defendants being unable to recover costs and attorney's fees to which they are entitled, there is simply no basis on which to require plaintiff to post a bond."); Plata v. Darbun Enterprises, Inc., No. 09cv44-IEG(CAB), 2009 WL 3153747, at *12 (denying a section 1030 motion, in part, because "Defendant has not set forth any details regarding its legitimate need for the prophylaxis of a bond in its moving papers"). Here, Defendant Truck has failed to establish a legitimate

risk that it will be unable to recover costs from Plaintiff. Thus, because Truck has not provided the Court with a reasonable basis on which the Court can determine a reasonable bond amount, see GeoTag, 2014 WL at *4-5, and because it has failed to demonstrate the need for the bond, Truck's Motion is hereby **DENIED.**

    **IT IS SO ORDERED.**

DATED: July 8, 2015    RONALD S.W. LEW
                                    **HONORABLE RONALD S.W. LEW**
                                    Senior U.S. District Judge